UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WINDSOR WORLDWIDE GROUP, INC., D/B/A WINDSOR GLOBAL, § § § § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:17-CV-329 |
| § | |
| VEHO UK LTD, D/B/A VEHO, VEHO EUROPE, and VEHO UK, § § § § | |
| Defendants. § | |

## MEMORANDUM & ORDER

Pending before the Court is Defendant Veho UK Ltd.'s Verified Motion to Set Aside Entry of Default. (Doc. No. 10.) Plaintiff Windsor Worldwide Group, Inc. has responded (Doc. No. 11), and Veho has replied (Doc. No. 12). Veho's reply in turn has drawn a Motion to Strike from Windsor. (Doc. No. 14.) Having considered the filings and applicable law, the Court **GRANTS** Veho's Motion to Set Aside and **DENIES** Windsor's Motion to Strike.

### I. BACKGROUND

This case arises from Windsor's purchase of video cameras from Veho. (Doc. No. 1.) Windsor, a retailer based in New Jersey, alleges breach of contract by Veho, a supplier of goods based in the United Kingdom. (*Id.* at 2.) In its Complaint, filed on February 2, 2017, Windsor explains that it bought 1,482 units of a particular video camera, "the Veho VCC-005-MUVI-HD10 Mini Hands-free Action Cam with Wireless Remote," from Veho for $85 apiece. (*Id.*) Veho allegedly told Windsor that it had sold the cameras to other retailers at a price of $110 per unit, but shortly after Windsor made the purchase, the cameras appeared on a competitor's

1

website at only $99 per unit. (*Id.* at 3.) Windsor concluded that Veho had made material misrepresentations about its sales to other retailers, which led to the instant suit. (*Id.*)

A struggle to effect service of process followed. On April 10, Windsor moved this Court for a continuance of the initial scheduling conference. (Doc. No. 5.) Windsor had engaged a process server in the UK that had apparently not done its job. Counsel for Windsor represented to the Court that it had been "badly deceived" by the process server, a "dishonest firm," the likes of which Windsor's counsel had never encountered before. (*Id.* at 1–2.) In support, Windsor attached its lengthy email correspondence with the process server, which was rife with delay and confusion. (Doc. No. 5-2.)

On April 20, Windsor filed a certificate of service with the Court. (Doc. No. 7.) The certificate indicated that Windsor's server had completed the job on March 3. (Doc. No. 7-2.) Neither Windsor nor its server explained the delay in submitting the certificate of service. Windsor soon moved for an entry of default, which the Clerk granted on June 7. (Doc. Nos. 8, 9.)

Veho then filed its Motion to Set Aside on August 31. (Doc. No. 10.) Veho contests Windsor's account of their transaction in all material respects. (*Id.* at 1–4.) Veho also says that it was never served by Windsor's process server and did not learn of the lawsuit until late June, when it received notice of the Clerk's entry of default. (*Id.* at 4–5.) As for Veho's delay in filing its Motion to Set Aside, an issue raised in Windsor's response, Veho explains that its principals were traveling during the summer and thus incapable of assembling the documents needed to make an effective response. (Doc. No. 12 at 2.) In the meantime, the parties appear to have had some brief, combative exchanges, the details of which are also disputed.[1] (Doc. No. 11 at 6–7; Doc. No. 12 at 3.)

---

[1] The Court will express no view or feeling on the parties' contentious exchanges other than its

## II. APPLICABLE LAW

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Fifth Circuit favors resolving cases on their merits rather than using default judgments. *In re Chinese–Mfr'd Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). As such, defaults "are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quotations omitted). The Fifth Circuit has instructed district courts to focus the good cause inquiry on the following three factors: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992) (quoting *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985)). These three factors are "not talismanic." *Dierschke*, 975 F.2d at 183. The Fifth Circuit has suggested others might matter, like the public interest at stake in the litigation, the potential for significant financial loss to the defendant, or the defendant's expeditious action in correcting the default. *Id.* at 184. "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.*

## III. ANALYSIS

### a. Motion to Set Aside

Heeding the Fifth Circuit's preference for resolving disputes on the merits, the Court turns to Veho's case that there is good cause for setting aside the default. Veho contends that its default was not willful because it was never properly served. (Doc. No. 10 at 6.) Veho argues

---

hope that the parties will conduct this litigation in a collegial, respectful manner.

that the certificate of service filed by Windsor is "defective," "false," and "incorrect." (*Id.* at 4.) The provenance and authenticity of the certificate (Doc. No. 7-2) are difficult for the Court to discern from its vantage point. It need not labor to do so, however, because Windsor's own complaints about the server and their confused, disjointed correspondence are sufficient reason to doubt that Veho was properly served. (Doc. Nos. 5, 5-2.) Owing to the doubt and confusion surrounding Windsor's process server, the Court cannot say that Veho's failure to respond was willful.

Windsor has not shown that setting aside the default would prejudice it. As Veho rightly points out, "[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to [the] plaintiff except to require it to prove its case." *Lacy*, 227 F.3d at 293 (quotation omitted). To establish prejudice, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (quotation omitted). Windsor has made no such showing.

Veho, by contrast, has shown that it has meritorious defenses to Windsor's claims. "In determining whether a meritorious defense exists, the underlying concern is whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008) (cleaned up). There is that possibility here. The heart of Windsor's case is its allegation of material misrepresentations by Veho. The assertions and exhibits in Veho's Motion to Set Aside create doubt about Windsor's account of events. (Doc. No. 10 at 1–4.) Windsor's response to Veho's motion contains point-by-point rebuttals of Veho's assertions (Doc. No. 11 at 5–7), which time may or may not bear out. That is for the process of litigation to determine.

The Court finds that the three most salient factors weigh in favor of setting aside Veho's default. The conclusion to which those factors point is not altered by considering others. The potential for significant financial loss favors setting aside the default. A six-figure sum is at stake in this litigation, a substantial loss for Veho if a default judgment were entered. (Doc. No. 1 at 3; Doc. No. 10 at 3 n.3.) The promptness of Veho's corrective action is rather less helpful to its case. Veho insists it acted expeditiously once it received notice of the lawsuit (Doc. No. 10 at 8–9), but two months did elapse between Veho's receipt of notice and the filing of its motion, as Windsor notes. (Doc. No. 11 at 7.) That period is nevertheless not long enough to make this case an exception to the Fifth Circuit's stated policy of favoring trials over defaults.

b. **Motion to Strike**

Windsor asks the Court to strike Veho's Reply (Doc. No. 12), because it is accompanied by redundant exhibits and because it is deficient in form and content. (Doc. No. 14.) As a basis for striking the exhibits, Windsor points to Rule 10(c) of the Federal Rules of Civil Procedure, which states in part, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). This provision, whatever its import, has no bearing on Veho's Reply, which is not a pleading within the scope of Rule 10(c). *See* Fed. R. Civ. P. 7 (distinguishing "pleadings" from "motions and other papers").

Windsor's arguments for striking the Reply altogether are similarly unavailing. Windsor asks the Court to use its power to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But that provision also applies only to pleadings. A reply to a motion to set aside an entry of default is not within its scope. Consequently, Windsor's motion lacks a foundation in law.

5

## IV. CONCLUSION

Defendant Veho UK Ltd. has shown good cause for setting aside the Clerk's entry of default. Accordingly, its motion is **GRANTED**. Veho is directed to file its answer, attached as an exhibit to its motion, as a separate docket entry. In addition, Plaintiff Windsor Worldwide Group's motion to strike is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 12th day of October, 2017.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE